# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Wendy C.H. Wellin, on behalf of the Estate of Keith S. Wellin, as its Duly Appointed Special Administrator ) ) ) ) | C/A No. 2:16-cv-0414 DCN |
| Plaintiff, ) ) | **ORDER** |
| -vs- ) ) | |
| Thomas M. Farace, Esq., individually and As agent for Nixon Peabody, LLP and Nixon Peabody Financial Advisors, LLC; Nixon Peabody, LLP; and Nixon Peabody Financial Advisors, LLC, ) ) ) ) ) ) | |
| Defendants. ) ) | |

This matter is before the court upon the Special Master's report and recommendation ("R&R") that the court deny plaintiff's motion for protective order (Dkt. No. 96).

The court is charged with conducting a <u>de</u> <u>novo</u> review of any portion of the Special Master's report to which a specific objection is registered. "In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit" the R&R to the Special Master with instructions. Fed. R. Civ. P. 53(f)(1). The 2003 Advisory Committee Notes state that the "requirement that the court must afford an opportunity to be heard can be satisfied by taking written

submissions when the court acts on the report without taking live testimony."[1]  No objections to the Special Master's Report and Recommendation have been filed.

The court has conducted a de novo review of the record and has concluded that the Special Master's R&R accurately summarizes this case and the applicable law.  Accordingly, the Special Master's Report and Recommendation is incorporated into this order.  For the reasons articulated by the Special Master, the court **DENIES** plaintiff's motion for protective order (Dkt. No. 96).  The court also denies defendants' request to enlarge the time of Wendy C.H. Wellin's deposition to 10 hours.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

October 24, 2018
Charleston, South Carolina

---

[1] While this language is drawn from the Committee Notes to Rule 53(g), in the 2003 version of the Federal Rules of Civil Procedure, Rule 53(g)(1) contained the substantive language that is now in Rule 53(f)(1).