**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Wendy C.H. Wellin, on behalf of the Estate of Keith S. Wellin, as its duly Appointed Special Administrator, | ) ) ) | C/A No. 2:16-cv-0414 DCN |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| -vs- | ) | |
| | ) | |
| Thomas M. Farace, Esq., individually and as agent for Nixon Peabody, LLP and Nixon Peabody Financial Advisors, LLC; Nixon Peabody, LLP and Nixon Peabody Financial Advisors, LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The above referenced case is before this court upon the Special Master's recommendation regarding defendants' motion for protective order preventing plaintiff from asking any further deposition questions of defendants' expert witness, Professor Jay Carlisle, related to Professor Carlisle's discussion with defendant counsel in preparation for his deposition (ECF No. 110). It was recommended as follows:

A.    As to questions 1, 2, 4, 5, 6, 7, 11, 12, 13, 15, 18, 19, 20, 21 and 22 that defendants' motion for protective order against disclosure be granted;

B.    As to questions 3, 8, 9, 10 and 14 that defendants' motion for protective order against disclosure be denied, and the witness required to answer the questions; and

C.    As to defendants' motion to terminate the remaining two and one-half hours of Professor Carlisle's deposition that the motion be denied and deposition be reconvened.

This court is charged with conducting a <u>de novo</u> review of any portion of the Special Master's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the Special Master. <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the Special

Master's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984). **No objections have been filed to the Special Master's report and recommendation**.

A de novo review of the record indicates that the Special Master's report accurately summarizes this case and the applicable law. Accordingly, the Special Master's report and recommendation is **AFFIRMED**, and defendants' motion for protective order is **GRANTED IN PART** and **DENIED IN PART** as follows:

A.      **GRANTED** as to questions 1, 2, 4, 5, 6, 7, 11, 12, 13, 15, 18, 19, 20, 21 and 22,

B.      **DENIED** as to questions 3, 8, 9, 10 and 14. The witness is required to answer these questions, and

C.      Defendants' motion to terminate the remaining two and one-half hours of Professor Carlisle's deposition is **DENIED.** The deposition shall be reconvened.

**AND IT IS SO ORDERED**.

_____
David C. Norton
United States District Judge

February 6, 2019
Charleston, South Carolina

**NOTICE OF RIGHT TO APPEAL**
The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.