IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Wendy C. H. Wellin, on behalf of the Estate of Keith S. Wellin as its duly appointed Special Administrator,<br><br>Plaintiff,<br><br>vs.<br><br>Thomas M. Farace, Esq., individually and as agent for Nixon Peabody, LLP and Nixon Peabody Financial Advisors, LLC; Nixon Peabody, LLP; and Nixon Peabody Financial Advisors, LLC,<br><br>Defendants. | Civil Action No. 2:16-cv-00414-DCN<br><br><br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S AND HOOD LAW FIRM'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER** |

Defendants, by and through the undersigned counsel, submit this response in opposition to Plaintiff and Hood Law firm's Motions to Quash and for a Protective Order regarding a Notice and Subpoena for a 30(b)(6) deposition of Hood Law Firm, LLC. For the reasons set forth below, the Court should deny the motions and require Hood Law Firm to appear to testify on the identified subjects at a deposition to be taken in this action.[1]

**FACTUAL BACKGROUND**

Plaintiff alleges that as a result of the alleged malpractice by Defendants, the Estate has been forced to incur "substantial attorney's fees and costs" in separate litigation brought against Keith Wellin's children, grandchildren, and other parties. (ECF No. 1, ¶¶ 53, 59, 65; ECF No. 9, ¶¶ 54, 60, 66). In the amended complaint, Plaintiff claims "more than $10,000,000 has been expended by [Keith], the Plaintiff, and the Wellin Children in furtherance of [the related

---

[1] The parties agree that the ruling on the notice and subpoena for the Hood Firm deposition will be controlling for the remaining law firms to be deposed.

litigation]." (ECF No. 9, ¶ 42). The Estate seeks almost $20,000,000 in attorney's fees based on the amounts shown on the invoices that the Estate has produced. *See also* ECF No. 229 at 7 (arguing that an "entire category of damages [is] the millions of dollars in attorneys' fees and litigation-related expenses that Mr. Wellin and his Estate paid as a result of Defendants' alleged misconduct").

Defendants previously served their First Requests for Production on Plaintiff on October 5, 2016, which included requests for all documents evidencing any damages claimed in this matter and all documents to support Plaintiff's claim for attorney's fees in the related litigation. On November 14, 2016, Plaintiff responded to Defendants that "responsive documents will be provided pending the resolution" of the related litigation. On June 14, 2018, Defendants filed a motion to compel production of the legal invoices at issue. At that time the discovery deadline was August 31, 2018.

On September 20, 2018, the motion to compel the production of legal invoices was heard by the special master, who issued a report and recommendation granting the motion to compel but leaving open a question about the timing of the production based upon how the district court ruled on a then pending motion to bifurcate. On February 4, 2019, while this report and recommendation was still pending before the district court, the parties reached an agreement about the production of legal invoices. The principal terms of that agreement are as follows:

- The Estate would produce unredacted legal invoices. To the extent that the Estate determined that entries could not be produced without redaction, the Estate agreed that any fees relating to redacted entries would not be sought as damages in this case.

- The Legal invoices would be stipulated as business records and marked "Farace Only – Confidential – Attorneys' Eyes Only" indicating their use would be strictly restricted to parties and

their counsel, experts, and insurers in this litigation subject to an amended confidentiality order.

- The Estate agreed to permit a deposition of a Rule 30(b)(6) designee for each law firm that issued the produced legal invoices. These depositions were to be completed at least 30 days before the start of trial.

- Because the related litigation was still ongoing, the Estate agreed it would supplement the legal invoice production 60 days prior to trial.

The exchange of these invoices was ongoing when the Court granted summary judgment on November 6, 2019. Following remand, the Court entered the third amended scheduling order, which required the Estate to produce all invoices by June 1, 2022, and for any depositions, including those depositions related to the legal invoices, to be taken on or before September 30, 2022. The parties had three such depositions tentatively scheduled when the current dispute regarding the scope of these depositions arose.

The deposition notice served on September 1, 2022 for the Hood Firm identified the following topics:

a) Any engagement agreement(s) between Hood Law Firm, LLC and Keith Wellin or his Estate;

b) Scope of representation by Hood Law Firm, LLC for Keith Wellin or his Estate;

c) Representation by Hood Law Firm, LLC of any additional parties in litigation involving Keith Wellin or his Estate;

d) Representation of Keith Wellin or his Estate by Hood Law Firm, LLC in non-litigation matters;

e) Billing by Hood Law Firm, LLC for files related to Keith Wellin or his Estate, including:

   a. Engagements/file number(s)

   b. Billing protocol (such as pre-bills, edits to billing entries, approval of final bill)

3

      c. Identification of timekeepers

      d. Billing codes used in invoices

      e. Abbreviations used in invoices

      f. payment history (including sources of any payments);

f) Work performed by Hood Law Firm, LLC as shown on Invoices produced in this case;

g) Settlement Agreement(s) resolving any litigation involving Keith Wellin or his Estate;

h) Relationship between work performed by Hood Law Firm, LLC as shown on legal invoices produced in this case and allegations against Farace.

During initial discussions, the Estate raised concerns with several of the topics proposed. After conferring, the parties resolved the disputes related to some of the topics but were unable to reach a resolution regarding topic (f), "work performed by performed by Hood Law Firm, LLC as shown on Invoices produced in this case."

## LAW

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Sherrill v. DIO Transp., Inc.*, 317 F.R.D. 609, 612 (D.S.C. 2016). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(b)(1), Fed. R. Civ. P.

"The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop his or her case." *St. John Haney v. Kavoukjian*, No. CV 2:19-2098-RMG, 2020 WL 12762509, at *2 (D.S.C. Aug. 3, 2020); *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995).

Rule 26(c), FRCP, allows a party to move for protective order in limited circumstances and for good cause shown, "to protect a party from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Rule 26 (c), FRCP. In general, Courts are cautioned to sparingly grant protective orders. This caution is heightened when the request for protection pertains to depositions. *Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C. 1987); *see also CBS, Inv. v. Ahern*, 102 F.R.D. 820 (S.D.N.Y. 1984). "The standard for issuance of a protective order is high" and "should be rarely granted absent extraordinary circumstances." *United Prop. & Cas. Ins. v. Couture*, No. 2:19-CV-01856-DCN, 2021 WL 5141292, at *2 (D.S.C. Nov. 4, 2021) (quoting *Nix v. Holbrook*, 2015 WL 631155, at *2 (D.S.C. Feb. 13, 2015); *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431 (M.D.N.C. 2001).

"The party moving for a protective order bears the burden of establishing good cause," *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 278 (D. Md. 2012), by "making a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *White v. McHugh*, 2010 WL 4340399 (D.S.C. 2010).

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides that,

> a party may name as a deponent a public or private corporation, a partnership, an association, a government agency, or other entity and

> must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

Rule 30(b)(6), Fed. R. Civ. P.

Rule 45(d)(3)(A), Fed. R. Civ. P, provides that, "[o]n timely motion, the court . . . must quash or modify a subpoena that" does any of the following: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

## ARGUMENT

**I.   The Motions to Quash and Protect Fail to Establish Good Cause for Relief.**

Plaintiff and Hood Law Firm's Motions fail to satisfy the high burden required for issuance of a protective order. The disputed topic Defendants identified for examination— "Work performed by Hood Law Firm, LLC as shown on Invoices produced in this case"—is not vast, open ended, or vague, and sets forth with reasonable particularity the matters for examination.

Plaintiff seeks to recover *all* the legal fees expended in the related litigation, but objects to Defendants inquiring about the nature of the work done for which recovery is sought. But those fees are only recoverable if they were proximately caused by the alleged breach of the standard of care. *See*, *e.g.*, *Gefre v. Davis Wright Tremaine, LLP*, 306 P.3d 1264, 1281 (Alaska 2013) ("[A] legal malpractice plaintiff may recover as actual damages the attorney fees incurred as a result of the defendant's malpractice, so long as the plaintiff can demonstrate she would not have incurred the fees in the absence of the defendant's negligence."); *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Rsch. Corp.*, 299 S.W.3d 106, 122 (Tex. 2009) (same). "Such a rule is necessary

because, to allow a plaintiff to recover attorney fees she would have incurred even in the absence of the defendant's negligence would place the plaintiff in a position better than that she would have occupied had the defendant not been negligent." *Nettleton v. Stogsdill*, 387 Ill.App.3d 743, 899 N.E.2d 1252, 1261 (2008); *see also Parsons v. Greenberg*, No. 02-10-00131-CV, 2012 WL 310505, at *5 (Tex. App. Feb. 2, 2012) (finding evidence for attorney's fees as damages was insufficient to allow for recovery where evidence consisted only of bills and checks written throughout the course of litigation and did not include evidence of "which bills were proximately caused by [] negligence, or conversely, what bills he would have had to pay regardless of any negligence").

An understanding of the nature of the work performed is essential to any analysis of whether the fees were proximately caused by Defendants. Although Plaintiff bears the burden of proving proximate cause, the *en masse* production of thousands of pages of legal fee invoices without further explanation or information has effectively shifted the burden to Defendants to decipher the invoices and thereby establish the absence of proximate cause. Even if that shift were legally justified, it is impossible to satisfy that burden from the invoices themselves. Many of the time entries are too vague and generic to determine what work is being performed. Further, as the Court is already aware, many of the issues raised in the related litigation—which ranged from allegations of fraud and theft by the Wellin Children to allegations of defamation and intentional interference with inheritance by Wendy—had little to nothing to do with undisclosed tax consequences, which is now the "fundamental claim" in this case. What work was actually performed is even more important because litigation was not necessary to turn off grantor status to avoid the tax liability. That result could be and indeed was accomplished without any assistance from the Court.

Thus, an understanding of the work performed that generated the legal fees is required and necessary to determine whether the fees would not have been incurred but for the alleged breach. Defendants should therefore be allowed to explore the nature of the work performed by the law firms at issue, which is the purpose of the 30(b)(6) topic.[2]

It is not unreasonably burdensome to require a plaintiff seeking almost $20,000,000 in damages to provide information sufficient to permit the defendant to prepare an appropriate defense. *See*, *e.g.*, *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19CV226ILGCLP, 2022 WL 2702378, at *13 (E.D.N.Y. Feb. 11, 2022) (finding defendants were entitled to an itemized accounting of the alleged damages and "even if the documentation is voluminous, plaintiffs should still be required to prepare a designee to provide information on these amounts" at a 30(b)(6) deposition). Nor does Rule 30(b)(6) require Defendants to provide the deponent with the specific questions or the portions of the invoices that Defendants might inquire about in advance of the deposition. The notice sufficiently identifies a specific law firm and the specific invoices to be addressed by the law firm. The topic is only as broad as the damages claim.

Finally, any burden on the deponent is certainly not more than the burden Plaintiff has placed on Defendants to defend the damages claim without any information as to the basis for it. Despite Plaintiff and Hood Law Firm's contention otherwise, the information sought cannot be obtained from some other source, including the attorney fee invoices themselves. The legal invoices Plaintiff produced do not establish or even support an inference that Defendants were the proximate cause of the legal fees now being claimed as damages because most of entries on the invoices Plaintiff produced are too vague for Defendants to determine the worked any lawyer

---

[2] Indeed, Defendants' decision to agree to a single Rule 30(b)(6) deposition from each law firm issuing the produced legal invoices at issue was predicated upon their understanding that the law firms would produce a deponent who could speak to the work at issue.

8

performed. Because it is Plaintiff who seeks to recover the amounts paid pursuant to all of the invoices, it is neither fair nor appropriate to require Defendants to "identify the time entries about which [Defendants] intend to question the Hood Law Firm's designated representative."

Accordingly, the Court should deny the Motions to Quash and for a Protective Order. *See, e.g.*, *St. John Haney v. Kavoukjian*, No. CV 2:19-2098-RMG, 2020 WL 12762509, at *4 (D.S.C. Aug. 3, 2020) (denying motion for protective order and rejecting argument that 30(b)(6) topics were "overly broad and unduly burdensome" where the deposition of law firm "would require [the law firm] to produce an attorney witness who would be required to select and compile documents from the evidence contained in the voluminous record of ten thousand plus documents").

## II.     Alternatively, the Court could either exclude all the legal invoices or rule Plaintiff is not required to prepare the witness.

Courts "have broad discretion in [the] resolution of discovery problems that arise in cases pending before [them]." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) (quoting *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). The Court could therefore resolve the pending motions by excluding the legal invoices from evidence on the ground that no litigation was necessary to cure any risk that capital gains taxes would be imposed on Keith Wellin. In that event, it would not be necessary for Defendants to examine the exact nature of the work. Or the Court could rule that Plaintiff bears the burden to produce evidence that is on its face sufficient to establish a prima facie case of proximate cause, which potentially could reduce the scope of the examination of the 30(b)(6) designee about the time entries themselves.

Alternatively, because (according to Plaintiff's theory) the actual work that the Hood Law Firm performed is immaterial because *all* of the related litigation is allegedly Defendants' fault, regardless of what happened, the Court could rule that Plaintiff may proceed at its own risk in how

9

it chooses to prepare the witness to address questions regarding the topic at issue. Defendants have already agreed that they would not raise any issue with the failure of the deponent to be prepared to address this topic. Under this approach, Plaintiff would then have to accept whatever response the designee provides, even if the response is "I do not know," which would permit Defendants to argue on motion in limine or to the jury that those fees cannot be recovered. *See*, *e.g.*, *In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, No. 2:18-CV-3487-RMG, 2022 WL 678996, at *3 (D.S.C. Feb. 14, 2022); *Wilson v. Lakner*, 228 F.R.D. 524, 530 (D. Md. 2005) (providing that in certain circumstances "the testimony given by the non-responsive [30(b)(6)] deponent (*e.g.* 'I don't know') may be deemed 'binding on the corporation' so as to prohibit it from offering contrary evidence at trial").

But in any event, the Court should not permit Plaintiff to proffer the legal invoices in bulk without any foundation or information sufficient to permit a determination about proximate cause unless Defendants at least are afforded the opportunity to conduct discovery as to the nature of the work performed for use in a motion in limine and/or at trial.

### III. Hood Law Firm is not Entitled to Recover Attorneys for Preparing for the Deposition.

The Hood Law Firm and Plaintiff acknowledge that "Rule 30(b)(6) *requires* the organization to not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation," but then boldly request that Hood Law Firm be compensated for the time to prepare to answer questions about the legal invoices. (citation and internal quotation marks omitted). Per the invoices at issue in this case, the Hood Law Firm has already been paid approximately $8,200,000 to represent the Estate in the related litigation. The Estate has failed to

point to any applicable rules that would entitle the deponents to be paid for his or her time in preparing for or attending these depositions.

Indeed, federal courts have held that even when the documents at issue are voluminous, 30(b)(6) deponents are still required to prepared themselves to be deposed. *See Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 37 (D. Mass. 2001) ("Even if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed."); *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638-39 (D. Minn. 2000) ("We understand that the burden upon the responding party, to prepare a knowledgeable Rule 30(b)(6) witness, may be an onerous one, but we are not aware of any less onerous means of assuring that the position of a corporation, that is involved in litigation, can be fully and fairly explored.").

## CONCLUSION

Based upon the foregoing, the Court should deny Plaintiff and Hood Law Firm's Motions to Quash and for a Protective Order relating to the 30(b)(6) deposition of Hood Law Firm, order the Hood Law Firm to designate a corporate designee to attend a deposition.

Respectfully submitted,

/s/Robert E. Stepp
Robert E. Stepp (Fed. ID No. 4302)
Benjamin R. Gooding (Fed. ID No. 11897)
ROBINSON GRAY STEPP & LAFFITTE, LLC
2151 Pickens Street, Suite 500
Columbia, South Carolina 29201
(803) 929-1400
rstepp@robinsongray.com
bgooding@robinsongray.com
*Attorneys for Defendants Thomas M. Farace, Esq., and Nixon Peabody, LLP*

Columbia, South Carolina
October 3, 2022