IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Wendy C. H. Wellin, on behalf of the Estate of Keith S. Wellin, as its duly appointed Special Administrator,<br><br>Plaintiff,<br><br>vs.<br><br>Thomas M. Farace, Esq., individually and as agent for Nixon Peabody, LLP and Nixon Peabody, LLP,<br><br>Defendants. | C/A No.: 2:16-cv-00414-DCN<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH OR MODIFY SUBPOENA AND/OR FOR A PROTECTIVE ORDER** |

Plaintiff hereby replies in further support of Plaintiff's Motion to Quash or Modify Subpoena and/or for a Protective Order (ECF No. 246) ("Plaintiff's Motion to Quash") with the intent to further discuss these points and others raised by Defendants' Opposition, with the Court's permission, at the hearing set for October 11, 2022.

## INTRODUCTION

Prior to addressing Defendants' argument in detail, Plaintiff respectfully offers these three points discussed in more detail below as an introduction to Plaintiff's arguments.

*First*, Defendants' argument inappropriately asks the Court to apply the standard for Rule 26(c) protective orders to the relief sought by Plaintiff and the Hood Law Firm. The Hood Law Firm is not a party to this case. It concluded its representation of Plaintiff nearly two years ago in November 2020. All of Defendants' arguments about what Plaintiff should or should not be required to do, therefore, misses the mark. That Defendants did not utilize tools available to it to seek additional discovery from Plaintiff is no excuse to improperly contort Rules 30(b)(6), 45(d), and 26(b) to meet their current needs in this case.

*Second*, Defendants mischaracterize Plaintiff's objection to topic (f) of their deposition notice. Defendants repeatedly and misleadingly suggest that Plaintiff wants to prevent Defendants from "inquiring about the nature of the work done for which recovery is sought" by Plaintiff. Plaintiff does not object to such inquiry. If Defendants' topic (f) instead sought to inquire about "the nature of their work done for Plaintiff," Plaintiff would have no objection, and this dispute would not be before the Court. Likewise, if Defendants specified the invoices about which Defendants want additional information, the parties would not be before the Court on this issue.

*Third*, Plaintiff respectfully asserts that Defendants are not interested in learning about the nature of the Hood Law Firm's work for Plaintiff. Instead, they seek to game the discovery rules, contrary to their purposes. As made clear by their response to Plaintiff's objection to this topic and their opposition to Plaintiff's motion, Defendants are proposing an overly broad, all-encompassing Rule 30(b)(6) topic in hopes of getting the Hood Law Firm's representative to testify that he or she does not know about what particular work an invoice refers. Defendants will then seek to introduce that testimony into evidence and argue to a jury (and the Court) that the jury (and the Court) should bind *Plaintiff* to that answer based on their improper Rule 30(b)(6) notice topic (f). Such abuse of the rules should not be allowed by the Court, and accordingly, the Court should quash or modify Defendants' subpoena.

## ARGUMENT

### A.     Defendants' Opposition Is Premised on the Wrong Legal Standard

Instead of opposing Plaintiff's motion, Defendants attempt to rewrite it. Plaintiff has moved pursuant to Rule 30(b)(6), Rule 45(d), and Rule 26(b) for an order quashing or modifying Defendants' subpoena as to the topics noticed for a Rule 30(b)(6) deposition of the Hood Law Firm. Only as an alternative ground for relief does Plaintiff move for a protective order under Rule

26(c). Defendants ignore that fact and improperly ask the Court to apply the legal standard for a Rule 26(c) protective order to the entirety of Plaintiff's motion.

As explained by Plaintiff's motion, the initial burden of a Rule 30(b)(6) deposition falls on the party noticing it, not on the party objecting to the notice. *Tuition Payer 100 v. Bishop of Charleston*, No. CV 2:21-613-RMG, 2021 WL 3611936, at *2 (D.S.C. Aug. 11, 2021). The noticing party "*must* describe with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6) (emphasis added). Unless the noticing party does so, the noticed entity need not designate a witness to testify regarding the topic. *Tuition Payer 100*, 2021 WL 3611936, at *2. Indeed, courts have limited or narrowed Rule 30(b)(6) topics that are found not to be reasonably particular. *Centurylink Commc'ns LLC v. Peerless Network, Inc.*, No. 18 C 3114, 2020 WL 11647818, at *1 (N.D. Ill. Jan. 28, 2020). That is the relief Plaintiff seeks with its motion. Defendants fail to distinguish the case law on which Plaintiff relies, much less offer any explanation as to how the burden shifts to Plaintiff to establish good cause even though Defendants violate Rule 30(b)(6).[1]

The Hood Law Firm is a third party to this litigation. Accordingly, Rule 45(d) governs Plaintiff's motion to quash, not Rule 26(c). Defendants fail to explain how Rule 26(c) somehow trumps the more-specific Rule 45(d). Like Rule 30(b)(6), Rule 45(d) imposes a burden on the party issuing the subpoena. Fed. R. Civ. P. 45(d)(1). That party "*must* take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and "[t]he court must enforce this duty." *Id.* (emphasis added). The court "*must* quash or modify a subpoena that subjects

---

[1] To the extent that the Court finds that the Rule 26(c) "good cause" standard should apply to Plaintiff's motion, Plaintiff respectfully suggests that non-compliance with Rule 30(b)(6) reasonable-particularity requirement is good cause enough to grant Plaintiff's motion to narrow topic (f).

3

a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv) (emphasis added). If Rule 45(d) imposed a good-cause standard on the person resisting the discovery, surely it would say so. Although Defendants seem to acknowledge Rule 45(d) is applicable law, Defendants' opposition fails to apply Rule 45(d) to the facts of the case, instead repeatedly arguing about what *Plaintiff* should be required to do. *See* Defs.' Opp'n 6, 9-10 (quoting Rule 45(d) but then speaking in terms of what *Plaintiff* does in preparing the witness).

Defendants ignore the distinction between a motion pursuant to Rule 26(b) and Rule 26(c), the latter of which only requires a showing of good cause. *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019). Defendants' opposition neglects this distinction, instead arguing that Plaintiff must establish good cause to be entitled to the relief Plaintiff seeks.

**B.    Defendants Mischaracterize Plaintiff's Objection**

Defendants misrepresent Plaintiff's objection to topic (f). Defendants state that Plaintiff "objects to Defendants inquiring about the nature of the work done for which recovery is sought." Defs.' Opp'n 6. That is simply not the case. If Defendants did their deposition preparation now and identified the particular invoices about which they have questions, the parties would not be before the Court on this issue. If Defendants' topic (f) instead read "the nature of the work done by the Hood Law Firm," Plaintiff would not have objected to this topic. However, that is not what Defendants' notice states. Instead, Defendants' topic (f) proposes an exceedingly broad scope of inquiry: "[w]ork performed by the Hood Law Firm as shown on the [i]nvoices."

The invoices detail the work performed on a daily basis over an eight-and-a-half-year period as the Court can see from the invoices submitted with Plaintiff's motion. To expect any Rule 30(b)(6) representative to prepare to answer such questions is patently unreasonable, and it is particularly unreasonable to expect a third party to do so. If Defendants sincerely want to ask about the nature of the Hood Law Firm's work, then Defendants' notice should say so. It does not,

4

and the Court's ordering Defendants to so narrow topic (f) is one potential solution to Plaintiff's motion.

Defendants then suggest that Plaintiff is somehow shirking away from its burden of proving proximate cause with its motion. Plaintiff has not asserted that it need not prove proximate cause or suggested that the Court should shift that burden to Defendants, and Defendants' suggestion to the contrary is immaterial to the Court's resolution of this motion. That Defendants want to ask about the work performed by the Hood Law Firm is not an excuse to violate the Federal Rules of Civil Procedure governing a Rule 30(b)(6) deposition of a third party. Neither is the volume of Plaintiff's production. Rather, the volume of that production, the length of time that the Hood Law Firm represented Mr. Wellin and his estate, and the over-broad, all-encompassing scope of proposed topic (f) is the reason that Plaintiff seeks relief under Rules 30(b)(6), 45(d), and 26. The extent to which Defendants may have failed to take advantage of discovery methods available from an opposing party should not be a reason to contort the meaning and purpose behind these Federal Rules of Civil Procedure.

Additionally, Defendants argue that "many of the issues raised in the related litigation—which ranged from allegations of fraud and theft by the Wellin Children to allegations of defamation and intentional interference with inheritance by Wendy—had little to nothing to do with undisclosed tax consequences." Defs.' Opp'n 7. To be clear, Plaintiff is not seeking a recovery of attorneys' fees expended by Ms. Wellin in defending against the Wellin children's allegations of defamation and intentional interference with inheritance against her. Plaintiff is only seeking a recovery of legal fees and litigation related expenses paid by Mr. Wellin and his estate.

Moreover, Defendants' assertion that "litigation was unnecessary to turn off grantor status to avoid the tax liability" completely ignores the context of what occurred in July 2013 and

5

thereafter regarding the dispute over whether grantor trust status was actually "turned off." *Id.* As the Court knows, the Wellin children and their experts took the position that it was not. However, more to the point, Defendants need no more information about the Hood Law Firm's work to make that argument to the jury.

Importantly, Defendants offer no reason why they cannot identify the invoices about which they have questions. They are a party to this case. The Hood Law Firm is not. Somehow ignoring this fact, Defendants seem to speak in terms of the comparative burden *to Plaintiff* of preparing the witness or otherwise providing the information they now say they need. Defs.' Opp'n 8. Plaintiff has diligently responded to Defendants' discovery requests, and Defendants have complained of no deficiencies in Plaintiff's responses. And yet, Defendants now make veiled references to what Plaintiff should be required to disclose even though this dispute concerns a Rule 30(b)(6) deposition of a third party. *See id.* (discussing case law about how a plaintiff is required to provide an itemization of damages). Their argument makes no sense.

Finally, Defendants ask the Court to adopt the faulty premise behind their proximate-cause jury argument. They argue that the invoices "do not support an inference that Defendants were the proximate cause of the legal fees now being claimed as damages because most of the entries on the invoices Plaintiff produced are too vague for Defendants to determine the worked [sic] any lawyer performed." (Defs.' Opp'n 8-9.) Defendants have long known how the invoices read as well as Plaintiff's position in this regard. Plaintiff has repeatedly stated in discovery responses that all litigation-related attorneys' fees incurred by Mr. Wellin and his estate after learning of the truth about the 2009 transaction are the responsibility of Defendants, who failed to disclose to Mr. Wellin those risks and consequences as well as other material facts. Pl.'s Answer to Defs.' Interrog.

6

No. 4 (Nov. 1, 2016); Pl.'s Am. & Supp. Answer to Defs.' Interrog. No. 4 (May 16, 2017); and Pl.'s Am. & Supp. Answer to Defs.' Interrog. No. 4 (May 17, 2017).

The notion that Plaintiff needs to otherwise prove that Defendants proximately caused these damages is not supported by the law. If Defendants want to implore the jury to sift through thousands of time entries in the invoices, that is their prerogative. But their intent to do so is no reason to require the Hood Law Firm to be able to answer questions about the work performed associated with each and every time entry spanning an eight-and-a-half-year period.

### C.     Defendants' Suggestion that the Court Should Exclude All Legal Invoices Makes No Sense

Defendants' next arguments simply make no sense. They argue that "the Court could either exclude all the legal invoices or rule Plaintiff is not required to prepare the witness." Defs.' Opp'n 9. Again, the Hood Law Firm is not the plaintiff in this case; it has no interest in this case whatsoever; and it has no relationship with Plaintiff other than being Plaintiff's former law firm. The suggestion that Plaintiff could be required to prepare the Hood Law Firm for its Rule 30(b)(6) deposition is far beyond the contemplation of the Federal Rules of Civil Procedure. Accordingly, an order decreeing that Plaintiff need not prepare the Hood Law Firm for its Rule 30(b)(6) deposition appears unnecessary at best.

Their alternative proposal is likewise unfounded in fact or law. After trumpeting about the Court's broad discretion to resolve discovery disputes, Defendants argue that the Court should just exclude the invoices from evidence altogether because "no litigation was necessary to cure any risk that capital gains taxes would be imposed on Keith Wellin." Defs.' Opp'n 9. If the Court did so, Defendants argue, they would not need to take a Rule 30(b)(6) deposition. *Id.* As an alternative to this alternative, Defendants suggest that the Court rule that Plaintiff should bear the burden of presenting documentary evidence that "is on its face sufficient to establish a prima facie case of

7

proximate cause." *Id.* Defendants offer no legal authority for either proposal, and it should be rejected.

Defendants' alternative to these other alternatives again contemplates the Court's creating novel law. Defendants suggest that the Court rule "that Plaintiff may proceed at its own risk in how it chooses to prepare the witness to address questions regarding the topic at issue." Defs.' Opp'n 9-10. Again, Plaintiff is not the Hood Law Firm. Defendants then suggest that the Court should rule now on what they should be able to argue to a jury, asserting that "Plaintiff would then have to accept whatever response the designee provides, even if the response is 'I do not know,' which would permit Defendants to argue on motion in limine or to the jury that those fees cannot be recovered." Defs.' Opp'n 10.

This section of their opposition reveals Defendants' real purpose. Defendants are trying to game the rules in the hopes of getting an "I don't know" answer from the Hood Law Firm about any one of thousands of time entries spanning eight-and-a-half years of work. Defendants purport to then make that answer binding on the Hood Law Firm such that it cannot contradict that testimony at trial. Such procedural gamesmanship should be rejected by the Court. *See, e.g.*, *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 405 (E.D.N.C. 2014) ("The rules of discovery were not designed to encourage procedural gamesmanship, with lawyers seizing upon mistakes made by their counterparts in order to gain some advantage.") (internal quotation marks omitted). Moreover, Defendants argument fails for at least three other reasons.

*First*, Plaintiff would strenuously object to the admissibility of any testimony by the Hood Law Firm's designated representative that he or she does not know what particular time entries reference. Such testimony would not accurately represent the corporate knowledge of the Hood Law Firm, and such testimony should not be binding on the entity when the representative may be

able to reference his or her files and fully answer the question posed at trial. Effectively, Defendants are proposing that the Hood Law Firm representative memorize the firm's entire file or be bound by its answer without the benefit of those records. Defendants' presenting that testimony to the jury would be highly unfair and prejudicial to Plaintiff. Accordingly, Plaintiff would strenuously object to such testimony's admissibility and make it the subject of a motion in limine. But now is not the time to have that fight as Defendants seem to be proposing in this section of their argument.

*Second*, Rule 30(b)(6) testimony is binding on the corporation only as an evidentiary admission and not as a judicial one. 8A Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2103 (3d ed. Apr. 2022 update) (explaining that "[a]s with any other party statement, [answers] are not "binding" in the sense that the corporate party is forbidden to call the same or another witness to offer different testimony at trial."). With their opposition, Defendants are asking the Court to change this basic rule to fit its goal of gaming the discovery process, and their request should be rejected by the Court.

*Third*, the authorities on which Defendants rely do not support their position. Both *In re Aqueous Film-Forming Foams Products Liability Litigation*, No. 2:18-CV-3487-RMG, 2022 WL 678996 (D.S.C. Feb. 14, 2022) and *Wilson v. Lakner*, 228 F.R.D. 524 (D. Md. 2005) contemplate that a corporation's testimony may be unalterable at trial *only* if the corporation does not undertake "conscientious good-faith efforts prepare" and only after the corporation fails to fulfill its duty to substitute another person with the relevant knowledge:

> [I]f the designee were still unable to adequately testify, it is then the [corporation's] "duty to substitute another person." *Marker v. Union Fid. Life Ins.*, 125 F.R.D. 121, 126 (M.D.N.C. 1999). This is because "the organization is expected to create a witness or witnesses with responsive knowledge." *Wilson*, 228 F.R.D. at 528. "Certainly to the extent that a designee is not responsive to a notice of deposition—claiming no or limited knowledge—the responding party may be subject to

9

> sanctions," especially "where a more knowledgeable witness might have been produced." *Id.* at 530. Or, a non-responsive answer from the designee "may be deemed binding on the corporation so as to prohibit it from offering contrary evidence at trial." *Id.* But that issue is not yet ripe because, at bottom, "it is a matter of whether there have been good faith efforts to prepare[.]" *Id.*

*In re Aqueous*, 2022 WL 678996, at * 3; *see also Wilson*, 228 F.R.D. at 530. The Court's determination that the testimony is a judicial rather than evidentiary admission "depend[s] upon the nature and extent of obfuscation" by the corporate entity. Accordingly, these cases do not support Defendants' position, particularly given the overly broad and all-encompassing nature of topic (f).

*Finally*, Defendants argue that "in any event, the Court should not permit Plaintiff to proffer the legal invoices in bulk without any foundation or information sufficient to permit a determination about proximate cause unless Defendants at least are afforded the opportunity to conduct discovery as to the nature of the work performed for use in a motion in limine and/or at trial." As noted, Plaintiff has no objection to Defendants' noticing as a topic "the nature of the Hood Law Firm's work for Mr. Wellin or his estate" or specifying the invoices about which Defendants have questions. Plaintiff is not attempting to evade this discovery; Plaintiff is simply asking for Defendants to follow the rules.

### D.   Defendants Should Pay the Hood Law Firm Reasonable Compensation if the Court Denies Plaintiff's Motion in Other Respects

The Fourth Circuit recognizes that attorney fees incurred by non-parties may be shifted to the party seeking discovery under various circumstances pursuant to Rule 45(d):

> Under Fed. R. Civ. P. 45, a party to litigation may serve a subpoena for the production of discoverable material on a non-party to the litigation. In turn, the non-party may contest the subpoena, and if a court orders production on the subpoena, "the order must protect a person who is neither a party nor a party's officer *from significant expense resulting from compliance*." Fed. R. Civ. P. 45(d)(2)(B)(ii) (emphasis added). Although Fed. R. Civ. P. 45 does not explicitly define what constitutes an "expense resulting from compliance," we conclude that attorney's fees incurred by the non-party that are necessary to a discovery proceeding under

> Rule 45 are expenses that may be shifted to the discovery-seeking party. First, applying the cannon of construction of in pari materia and looking toward Fed. R. Civ. P. 45(d)(1), which governs shifting expenses in situations where a discovering party places an undue burden on the non-party, attorney's fees can constitute an expense shifted to the discovering party. *See* Fed. R. Civ. P. 45(d)(1) ("[A]n appropriate sanction . . . may include lost earnings and reasonable attorney's fees."). Second, the 1991 amendments to Fed. R. Civ. P. 45 were adopted in an effort "to enlarge the protections afforded persons who are required to assist the court." *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013).

*In re Am. Nurses Ass'n*, 643 F. App'x 310, 314 (4th Cir. 2016) (emphasis in original).

Here, the Hood Law Firm (and the other law firms) will have to expend considerable time to prepare for topic (f), and accordingly, the Court's ordering the shifting of the associated compliance costs—whether framed in terms of lost earnings or attorneys' fees—is appropriate under the circumstances.

Case law relied upon by Defendants is unavailing. First, Defendants rely upon *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33 (D. Mass. 2001) for the basic proposition of what is required to prepare for a Rule 30(b)(6) deposition. However, that case involved a Rule 30(b)(6) deposition of the defendant, a party to the litigation, not a Rule 45 subpoena to a third party, where shifting of costs of compliance is appropriate. *See id.* at 35. Defendants also rely on *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 635 (D. Minn. 2000), but likewise, that case deals with a Rule 30(b)(6) of a party, not a third party where cost shifting is appropriate under Rule 45(d). *See id.* at 637. *Calzaturificia* and *Prokosch* are simply inapposite to the issue of cost shifting under Rule 45(d) because they both deal with depositions of parties, not subpoenas to third parties.

## CONCLUSION

Pursuant to Rules 30(b)(6), 45(d) and 26(c) of the Federal Rules of Civil Procedure, and for the reasons stated above and in Plaintiff's Motion to Quash, Plaintiff respectfully requests that the Court enter an order quashing the subpoena in part or, in the alternative, enter an order requiring

11

Defendants to narrow topic (f) of their Rule 30(b)(6) notice of deposition of the Hood Law Firm. Should the Court deny this request, Plaintiff respectfully requests that it enter an order requiring Defendants to pay the Hood Law Firm reasonable compensation for the time of its designated representatives in preparing for Rule 30(b)(6) deposition as noticed by Defendants.

Respectfully submitted,

s/ Badge Humphries
Badge Humphries (D.S.C. No. 9550)
GRIFFIN HUMPHRIES LLC
2113 Middle Street, Suite 305
Sullivan's Island, SC 29482
Telephone: (843) 883-7444
Facsimile: (843) 883-7462
bhumphries@griffinhumphries.com

Sullivan's Island, South Carolina
October 11, 2022

James M. Griffin (D.S.C. Bar No. 1053)
Griffin Humphries LLC
4408 Forest Drive, Suite 300
Columbia, South Carolina 29206
Telephone: (803) 744-0800
Facsimile: (803) 744-0805
jgriffin@griffinhumphries.com

*Attorneys for Plaintiff*