IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Wendy C. H. Wellin, on behalf of the Estate of Keith S. Wellin as its duly appointed Special Administrator, | ) ) ) ) | Civil Action No.  2:16-cv-00414-DCN |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **DEFENDANTS' _DAUBERT_ MOTION IN LIMINE TO EXCLUDE REPORTS, OPINIONS, AND TESTIMONY OF DR. EDGAR J. WEISS** |
| Thomas M. Farace, Esq., individually and as agent for Nixon Peabody, LLP and Nixon Peabody Financial Advisors, LLC; Nixon Peabody, LLP; and Nixon Peabody Financial Advisors, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Defendants Thomas M. Farace and Nixon Peabody, LLP, by and through the undersigned counsel, submit this motion in limine for an Order excluding the reports, testimony, and opinions of Edgar J. Weiss, MD—offered by Plaintiff Wendy C. H. Wellin, on behalf of the Estate of Keith S. Wellin as its duly appointed Special Administrator (the Estate)—from the trial of this matter.[1]  For the reasons set forth below, the Court should exclude Dr. Weiss because his purported expert opinions and testimony fail to satisfy the requirements of _Daubert v. Merrell Dow Pharmaceuticals, Inc._, 509 U.S. 579 (1993).

**INTRODUCTION**

The only remaining claim in this matter is Defendants' alleged failure to explain the potential tax consequences of the 2009 Sale.  On that issue, Dr. Weiss offers no relevant opinion.

---

[1] Pursuant to Local Civil Rule 7.04, DSC, a memorandum is not submitted because this motion contains "a full explanation" and a separate "memorandum would serve no useful purpose."

At his deposition, Dr. Weiss conceded that "The only opinion I have is related to the fact that Mr. Wellin has the capacity to bring a lawsuit [in 2013], which I don't think is related to the Farace . . . ." Ex. A, Weiss Dep. Tr. at 97:13-16. This renders most of Dr. Weiss's opinions irrelevant to this case. All that leaves is Dr. Weiss's passing "impression" that Keith Wellin was competent to testify at his deposition. Dr. Weiss reached this conclusion simply by watching the video of Keith's deposition. Because Dr. Weiss's opinions about Keith's competency at his 2014 deposition are wholly unreliable, this matter comes before the Court on Defendants' *Daubert* motion in limine to exclude his reports, opinions, and testimony from the trial of this matter.

## STANDARD

It is axiomatic that "[t]he purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial . . . to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Davenport v. Goodyear Dunlop Tires N. Am., Ltd.*, No. 1:15-cv-3751-JMC, 2018 WL 2355222, at *1 (D.S.C. May 24, 2018) (quoting *Newkirk v. Enzor*, No. 2:13-cv-1634-RMG, 2017 WL 823553, at *2 (D.S.C. Mar. 2, 2017)).

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, as interpreted by the Supreme Court in *Daubert* and its progeny. Under that rule, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

When expert evidence is at issue, this Court must act as a gatekeeper to ensure that the expert witness is qualified and that his opinions are reliable and relevant. *PMB Products, LLC v. Mead Johnson & Co.*, 639 F.3d 111, 123 (4th Cir. 2011); *see also Pugh v. Louisville Ladder, Inc.*, 361 Fed. App'x 448, 451–52 (4th Cir. 2010) ("In considering the admissibility of expert testimony, a district court acts as a gatekeeper and must assess whether an expert's proffered testimony is both sufficiently reliable and relevant."); *United States v. Moreland*, 437 F.3d 424, 431 (4th Cir. 2006)); *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). "Rule 702 thus 'imposes a special gatekeeping obligation on the trial judge' to 'ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021) (quoting *Nease v. Ford Motor Co.*, 848 F.3d 219, 229-30 (4th Cir. 2017)).

As the Supreme Court has explained, a court's gatekeeping function makes "certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). It serves as a check on the jury's inclination to give great (and sometimes inordinate) weight to the testimony of expert witnesses. *See Bishop of Charleston v. Century Indem. Co.*, 225 F. Supp. 3d 554, 567 (D.S.C. 2016) ("The main purpose of *Daubert* exclusion is to protect juries from being swayed

3

by dubious scientific testimony." (quoting *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011))).

By ensuring that all experts are properly qualified, and that all expert testimony presented in a courtroom is reliable and based upon accepted, trustworthy and tested methodology, trial judges reduce the likelihood that verdicts will be based on passion and prejudice and thus help to ensure fair and just outcomes of litigation. *See*, *e.g.*, *Sheppard v. Maxwell*, 384 U.S. 333, 363 (1966) ("[W]e must remember that reversals are but palliatives; the cure lies in those remedial measures that will prevent the prejudice at its inception.").

The Estate, as the proponent of Dr. Weiss's putative expert opinions, must satisfy these requirements for admissibility. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001); *see also* Fed. R. Evid. 104(a) (placing burden on proponent of expert testimony).

## ARGUMENT

Dr. Weiss opines that, in 2013, Keith Wellin had capacity to manage his finances and initiate a lawsuit. Dr. Weiss also opines that Keith was competent during his February 7, 2014 deposition "[b]ased on [Dr. Weiss's] review of this deposition video." The Court should exclude Dr. Weiss's putative expert reports, opinions, and testimony because they are (1) not relevant to the only issue left in the case; and (2) to the extent Dr. Weiss's opinion regarding Keith's deposition is relevant, the opinion is unreliable given that all he did was watch Keith's video deposition.

**I.    Dr. Weiss conceded that his opinion about Keith's competency in 2013 is not relevant to the instant case.**

The Estate's only remaining claim turns on whether Defendants' purported failure to advise Keith Wellin of unforeseen tax consequences that possibly could have arisen (but never

did) from the 2009 Sale proximately caused the Estate any damage. According to the Estate, Keith never would have entered the transaction had he known of the unrealized tax consequences. Dr. Weiss cannot offer any relevant opinions on this issue and, therefore, the Court should exclude his testimony.

This Court is tasked with ensuring that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. This standard is in line with Rules 401 and 402 of the Federal Rules of Evidence, which establish that evidence pertaining to facts or issues that are of no consequence in determining the action are inadmissible. "Relevant evidence, of course, is evidence that helps 'the trier of fact to understand the evidence or to determine a fact in issue.' To be relevant under *Daubert*, the proposed expert testimony must have a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Nease v. Ford Motor Co*., 848 F.3d 219, 229 (4th Cir. 2017) (quoting *Daubert*, 509 U.S. at 591). Further, "the expert's theory and method must have a relevant relationship with the facts at issue in the case." *Bausch*, 2009 WL 2750462, at *10 (citing *Daubert*, 509 U.S. at 591–93).

Throughout his deposition, Dr. Weiss conceded his opinion is not relevant to any issue germane to this case. Indeed, at the conclusion of his deposition, when asked whether he had discussed all the opinions he intended to offer in this case, Dr. Weiss testified that "The only opinion I have is related to the fact that Mr. Wellin has the capacity to bring a lawsuit [in 2013], which I don't think is related to the Farace; so yeah, Yes." Ex. A, Weiss Dep. Tr. at 97:13–16. And Dr. Weiss repeatedly admitted that his opinion has nothing to do with the allegations the Estate raised against Farace. *See, e.g.*, *Id.* at 28:9–12 ("This had nothing to do with Tom Farace. This is only the original case. This has nothing to do with Tom Farace."); *id*. at 28:20 ("Yeah.

5

So this has nothing to do with Tom Farace."); *id*. at 29:19 ("This has nothing to do with Tom Farace."); *id*. at 29:22–23 ("I understand, but this has nothing to do with Tom Farace."); *id*. at 30:15–16 ("Again, this has nothing to do with Tom Farace.").

Dr. Weiss does not and cannot offer any relevant opinion regarding Keith's decision to enter a transaction in 2009 because he never even met Keith until November 7, 2013.[2]  *Id*. at 32:21–23.  He testified that he knew "absolutely nothing" about Keith before meeting him in 2013.  *Id*. at 33:24. Having never met Keith before 2013, Dr. Weiss certainly could not have examined Keith in 2009 to determine Keith's capacity at the time that Keith entered the 2009 Sale or provide any relevant information related to Keith's decisions in 2009.  Dr. Weiss, in fact, admitted that he is not offering an opinion regarding whether Keith was of sound mind or whether Keith had capacity to manage his own finances in 2009, 2010, 2011, or 2012.  *Id*. at 31–32).  When asked whether he was "offering an opinion in this case against Mr. Farace and others, regarding Mr. Wellin had the capacity to manage his finances in 2009?," Dr. Weiss conceded, "I never examined him in 2009," *id*. at 31:1–6, and when asked again directly, "So are you offering opinion about whether he had -- Mr. Wellin had the capacity to manage his finances in 2009?," Dr. Weiss responded, "I can't state that."  *Id*. at 31:7–10.

What is more, Dr. Weiss admitted that he "only examined [Keith] for the first time in 2013" and "couldn't offer an opinion about him having never examined him."  *Id*. at 32:8–10.

---

[2] Although as of the date of this filing, Plaintiff has not submitted anything directly stating that Plaintiff will offer evidence through Dr. Weiss regarding Keith's capacity in 2009, given the Estate's ever-evolving positions, this motion is still necessary.  Under Federal Rule of Civil Procedure 26(2)(B)(i), to provide expert testimony on the issue, Dr. Weiss's report must include a complete statement of all opinions he will express and the basis and reasons from them. Because the Estate has not supplemented that report under Rule 26(e), Dr. Weiss cannot now change his opinion to make it relevant to the issues in this case.

And Dr. Weiss confirmed that he is not offering an opinion that on any date prior to Dr. Weiss's deposition, Keith lacked the capacity to understand legal or estate planning documents that he signed. *Id*. at 62: 6–10. Because he is not rendering an opinion on Keith's capacity in 2009, Dr. Weiss did not review any medical records from 2008, 2009, 2010, 2011, or 2012. *Id*. at 25–26. Instead, Dr. Weiss's understanding of the 2009 Sale came from Plaintiff's counsel. *Id.* at 89:20–90:22).

When Dr. Weiss examined Keith in 2013, the evaluation was solely to determine whether Keith had capacity at that time to manage his finances and initiate a lawsuit. *Id*. at 33. Even in 2013, Dr. Weiss still did not form an opinion regarding Keith's capacity to understand and execute legal documents, stating "no part of [his] examination focused on legal documents [for Keith] to sign." *Id*. at 51:12–16 & 52:5–7). Accordingly, Dr. Weiss's opinions are not relevant and will not help the jury decide any pertinent issue in this case. The Court should therefore exclude them under *Daubert* and Rule 403. *Sardis*, 10 F.4th at 281 ("Simply put, if an opinion is not relevant to a fact at issue, *Daubert* requires that it be excluded.").

## II.    Dr. Weiss's opinion regarding Keith's competency at his February 2014 deposition is unreliable.

The Court should exclude Dr. Weiss's brief opinion and testimony that Keith was competent to answer questions at Keith's February 7, 2014 deposition because it is unreliable and based on an unknown methodology. *Sardis*, 10 F.4th at 281 ("But even if relevant, an opinion must also be sufficiently reliable.").

Expert testimony may be admitted if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. But expert testimony must not be based on "belief or speculation." *Oglesby v. Gen. Motors Corp.*, 190 F.3d 244, 250 (4th Cir.

1999) (citing *Daubert*, 509 U.S. at 590, 592–93). It must "go beyond mere speculation or conjecture to be of assistance to the trier of fact." *Id*. at 248. In *Oglesby*, the Fourth Circuit affirmed this Court's finding that the expert's opinion was "constructed from unsupported suppositions." *Id*. at 250. An expert should be able to explain how he reached his conclusion to "assist the trier of fact" understand complex issues, such as a person's competency to provide sworn testimony at a deposition. *See* Fed. R. Evid. 705. This includes demonstrating how the expert reached his conclusion. Another "key question to be answered in determining whether a theory or technique is scientific knowledge that will assist the trier of fact will be whether it can be (and has been) tested." *Daubert*, 509 U.S. at 593.

Here, Dr. Weiss cannot assist the trier of fact in understanding whether Keith was competent during his February 7, 2014 deposition and able to answer the questions posed to him. Dr. Weiss did not evaluate Keith's competency shortly before or during Keith's deposition. Importantly, when asked how he determined Keith was competent and able to answer questions, Dr. Weiss responded, "I didn't test him, so it was just an impression." Ex. A, Weiss Dep. Tr. at 91:19-25; *cf. Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 210 (4th Cir. 2017) ("Expert reports must not be sketchy, vague, or preliminary in nature' and 'must include "how" and "why" the expert reached a particular result, not merely the expert's conclusory opinions." (quoting *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998))); *Holesapple v. Barrett*, 5 Fed. App'x 177, 179 (4th Cir. 2001) (requiring expert opinion evidence to be supported "by something more than the 'it is so because I say it is so' of the expert"). Dr. Weiss claims he had an "impression," yet earlier in his deposition, Dr. Weiss admitted that he "couldn't offer an opinion about [Keith's competency] having never examined him." Ex. A, Weiss Dep. Tr. at 32:8–10. Based on Dr. Weiss's own testimony, he could not form an opinion on Keith's

competency at Keith's 2014 deposition without having conducted a medical examination Keith at the time of the deposition.

Nor does Dr. Weiss explain the "how" and "why" on his conclusion related to Mr. Wellin's deposition—he could not explain his methodology and thought process at his own deposition other than it was his "impression." *See Chapman v. Manuhehri*, No. 1:17-cv-3719-SAG, 2019 WL 2359270, at *3 (D. Md. June 4, 2019) (finding the lack of sufficient facts or data underlying an expert's opinions rendered them excludable); *Young v. Swiney*, 23 F. Supp. 3d 596, 612 (D. Md. 2014) (stating "a court will exclude testimony based on 'belief or speculation,' . . . or when not supported by the record").

Because Dr. Weiss's opinions (or really his impressions) are wholly unreliable, the Court should exclude them under *Daubert* to avoid misleading the jury on the relevant timeframe for determining Keith's knowledge and understanding of the 2009 Sale. *Cf. Tyger Constr. Co. Inc. v. Pensacola Constr. Co.*, 29 F.3d 137, 144 (4th Cir. 1994) (stating "the great[] danger is that the jury may accept as fact not just the faulty assumptions on which [the putative expert] relied, but may also accept the conclusions that are drawn through his use of these assumptions").

**III.    Any statements made by Keith to Dr. Weiss regarding his medical condition in 2009 are unreliable and inadmissible hearsay.**

Last, the Court should exclude any alleged statements from Keith to Dr. Weiss in 2013 regarding Keith's medical condition in 2009 because they are not pertinent to any diagnosis by Dr. Weiss.

Under Federal Rule of Evidence 703, a party cannot use an expert merely to launder in otherwise inadmissible hearsay to the finder of fact. *See Wantanabe Realty Corp. v. City of New York*, No. 01 CIV.10137(LAK), 2004 WL 188088, at *2 (S.D.N.Y. Feb. 2, 2004), *aff'd*, 159 F.

9

App'x 235 (2d Cir. 2005) ("[A]an expert may not act as a 'mere conduit' for the hearsay of another."). Indeed, the 2000 advisory committee note to the rule provides that "Rule 703 has been amended to emphasize that when an expert reasonably relies on inadmissible information to form an opinion or inference, the underlying information is not admissible simply because the opinion or inference is admitted."

As noted above, Keith's medical condition in 2009 is not relevant to Dr. Weiss's opinion in 2013 on whether Keith was competent to bring a lawsuit or manage his finances at that time. Thus, Keith's statements to Dr. Weiss are simply inadmissible hearsay without an applicable exception. Dr. Weiss is not giving an independent judgment based upon Keith's statements. Instead, he is merely acting as a transmitter for hearsay testimony. *See Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013) ("Although the Rules permit experts some leeway with respect to hearsay evidence, Fed. R. Evid. 703, a party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." (citation and quotation marks omitted)). The Court should therefore exclude Dr. Weiss's reports, opinions, and testimony on this basis as well.

## CONCLUSION

Dr. Weiss clarified that he is not offering any relevant opinion regarding the Estate's claims against Farace. Because Dr. Weiss's opinions are unreliable, irrelevant to the task at hand, and will only confuse the jury, the Estate cannot present them to the jury. The Court should therefore enter an Order (1) excluding Dr. Weiss's reports, opinions, and testimony; and (2) preventing him from testifying at trial.

Respectfully submitted,

s/Robert E. Stepp
Robert E. Stepp (Fed. ID No. 4302)
Benjamin R. Gooding (Fed. ID No. 11897)
Robinson Gray Stepp & Laffitte, LLC
2151 Pickens Street, Suite 500
Columbia, South Carolina 29201
(803) 929-1400
rstepp@robinsongray.com
bgooding@robinsongray.com

*Attorneys for Defendants Thomas M.*
*Farace, Esq., and Nixon Peabody, LLP*

Columbia, South Carolina
March 22, 2023